LNE
CJF/10.29.19

19 - 3 5 6 8 JMC

## AFFIDAVIT OF PATRICK O'DONNELL
### SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION

I, Patrick O'Donnell, being first duly sworn, hereby depose and state as follows:

### **Background and Experience**

1.    I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I began my employment with the FBI in July of 2018. Since February of 2019, I have been assigned to the FBI's Safe Streets Task Force in Baltimore, which investigates violations of federal criminal, drug, and firearms statutes.    I have been participated in investigations involving unlawful activities to include drug smuggling/trafficking, firearms offenses, and violent crime occurring in the District of Maryland.    I have executed and/or participated in searches for illegal narcotics and related paraphernalia.  In my past experience as a boarding officer with the United States Coast Guard, I participated in multiple operations that enforced federal narcotics statutes. During my tenure with the United States Coast Guard, I received specialized training in counter-drug law enforcement operations.  I currently investigate Federal Firearm and Narcotic violations as an FBI Special Agent.

2.    The facts set forth in this affidavit are based on your affiant's own personal knowledge, knowledge obtained from oral and written reports by other law enforcement officers, physical surveillances, interviews, subpoenaed and public records, database checks, phone analysis, and information gained through your affiant's training and experience.  Since this affidavit is for a limited purpose, your affiant has not included every fact known about this investigation.  Your affiant sets forth only facts necessary to establish a foundation for the

LNE
CJF/10.29.19

**19 - 3 5 6 8 JMC**

requested criminal complaint. Dates and times are approximate.

## Summary of the Investigation

3.      On May 8, 2019, investigators executed a search and seizure warrant at 3722 Chesholm Road, Baltimore, Maryland. After knocking and receiving no answer, investigators rammed the door to gain access. Upon entry, the defendant Terrence Williams[1] was located in the front bedroom, and a black satchel was taken from his person. Both Ms. Pam Garland (believed to be Williams's mom) and William Clayton Robinson were located in the kitchen. All individuals were advised of their *Miranda* rights and each verbally acknowledged they understood.

4.      Robinson stated, after being advised his *Miranda* rights that he had multiple guns in the basement and described those guns to investigators.

5.      During a search of the basement, investigators recovered three firearms matching the descriptions provided by Robinson. Specifically: (1) a Zastava Arms, M59/66, 7.62x39 mm semi-automatic rifle, serial # N547649 and fifteen 7.62x39 mm cartridges, located in a guitar case; (2) a Taurus 669, .357 Magnum revolver, serial # 5226725 and six federal .357 magnum cartridges located in a dresser drawer; and (3) a Hi-Point JHP .45  semi-automatic pistol, serial # X4270679 and six .45 auto cartridges.    Investigators also recovered from a  shelf in the basement a box containing   24 rounds of .357 ammunition and four rounds of .45 ACP ammunition. Approximately $608 was recovered in a dresser drawer in the basement.

6.      At the time of his possession of the firearms, Robinson had been previously convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights

---

[1] Defendant Williams advised after being read his Miranda rights that he was in possession of controlled dangerous substance. Additionally, in total investigators recovered from the defendant and rooms associated with Williams over one kilogram of cocaine and crack (confirmed by lab analysis) and as well as over $74,000. Williams will be charged in a separate complaint.

LNE
CJF/10.29.19

19 - 3 5 6 8 JMC

related to the possession of a firearm had not been restored. Moreover, Robinson was aware of this prior conviction based on his 1994 conviction for robbery with a deadly weapon in which he was sentenced to fifteen years of incarceration and served three years with the balance of the sentence suspended.

7.    A check of the three firearms revealed that the firearms were not manufactured in the state of Maryland and thus traveled in interstate and/or foreign commerce prior to its recovery in Maryland. Your Affiant believes based on his training and observations that the weapons are capable of expelling a projectile by the action of an explosive, or is designed or may be readily converted to do so, or contains the frame or receiver of such a weapon.

### Conclusion

Therefore, based on the facts set forth above, your affiant believes there is probable cause to believe that William Robinson possessed firearms, while being a prohibited person, on May 8, 2019, in the District of Maryland, in violation of 18 U.S.C. § 922 (g).

I, Patrick O'Donnell, affirm under penalties of perjury that the facts and circumstances recounted in the foregoing affidavit are true and accurate to the best of my knowledge.

Patrick O'Donnell
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence this __ of October, 2019.

Honorable J. Mark Coulson
United States Magistrate Judge

ENTERED
RECEIVED
FILED
LOGGED

OCT 2 9 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY